# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURE'S HEALTH SUPPLY, INC., a California Corporation, | Civil Case No.  CV 09-9064 R (FFMx) |
| Plaintiff, | **ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** |
| v. | |
| NATURE'S HEALTHY SUPPLEMENTS, INC., a California Corporation; SCOTTIE JACK, an Individual; JERRY CADY, an Individual; and Does 1-10 Inclusive, | |
| Defendants. | |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties.  The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information.  The purpose of this Order is to protect the confidentiality of such

materials as much as practical during the litigation.  THEREFORE:

DEFINITIONS

1.     The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2.     The term "materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.     The term "counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Spiegel & Utrera, P.A. and Mandour & Associates, APC.

GENERAL RULES

4.     Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5.      In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection.  For purposes of the initial inspection, all materials produced shall be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and shall be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6.      Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY;"

b. the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c. the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.      All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.       Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph.  The right of any independent expert to receive any Confidential Information shall be subject to the terms of this Order.  An independent expert may receive Confidential Information only if each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms prior to disclosure by executing a copy of the form attached hereto as Exhibit A.

9.      Information designated "CONFIDENTIAL" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

(a) Executives who are required to participate in policy decisions with reference to this action;

(b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

(c) Stenographic and clerical employees associated with the individuals identified above.

10.    With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, or any Rule 30(b)(6) witness of the party that produced the material, may be shown the same.

11.    All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12.    Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal and may do so upon receiving a court order, allowing the filing of any such document under seal.  An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel.  If opposing counsel, or the person or entity who has custody or control of the document, wishes to oppose the application, he or she must contact the chambers of the judge who will rule on the

application, to notify the judge's staff that an opposition to the application will be filed.

13.      At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information.  The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection and the objecting party bears the burden of proof with regard to the objection to the confidential designation.  The materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14.      All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action.  Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15.      No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16.      If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The receiving party

must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.  Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17.     Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18.     Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

19.     This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20.     Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21.     Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this

1    Order with respect to all such retained information.  Further, attorney work product materials that

2    contain Confidential Information need not be destroyed, but, if they are not destroyed, the person

3    in possession of the attorney work product will continue to be bound by this Order with respect

4    to all such retained information.

5          22.     Upon final termination of this action, including any and all appeals, and upon the

6    filing of an ex parte motion for an order authorizing such action, the Court shall return all

7    Confidential and Attorneys' Eyes Only Material to the party that produced the information or

8    alternatively as requested in the ex parte motion shall destroy all Confidential and Attorneys'

9    Eyes Only Material within 30 days after the filing of such ex parte motion.

10         23.     The restrictions and obligations set forth herein shall not apply to any information

11   that: (a) the parties agree should not be designated Confidential Information; (b) the parties

12   agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules,

13   has become public knowledge other than as a result of disclosure by the receiving party, its

14   employees, or its agents in violation of this Order; or (d) has come or shall come into the

15   receiving party's legitimate knowledge independently of the production by the designating party.

16   Prior knowledge must be established by pre-production documentation.

17         24.     The restrictions and obligations herein shall not be deemed to prohibit discussions

18   of any Confidential Information with anyone if that person already has or obtains legitimate

19   possession thereof.

20

21         25.     Transmission by facsimile and e-mail is acceptable for all notification purposes

22   herein.

23         26.     This Order may be modified by agreement of the parties, subject to approval by

24   the Court.

25

26         27.     The Court may modify the terms and conditions of this Order for good cause, or

27   in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer

28   that the Court provide them with notice of the Court's intent to modify the Order and the content

of those modifications, prior to entry of such an order.

28.     Testifying experts shall not be subject to discovery on any draft of his or her report in this case and such draft reports, notes or outlines for draft reports are also exempt from discovery.

29.     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his final report, trial or deposition testimony or any opinion in this case.  No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert not used for an advice of counsel defense, who then relies upon such information, opinions or other materials in forming his final report, trial or deposition testimony or any opinion in this case.

30.     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

31.     Materials, communications and other information exempt from discovery under the foregoing Paragraphs shall be treated as attorney-work product for the purposes of this litigation and protective order.

32.     The parties will produce non-privileged, responsive Electronically Stored Information ("ESI") in TIFF format with appropriate document load files or in native form.  In general, files in native form will not be produced, but counsel agree to negotiate in good faith regarding production of ESI in native form if the requesting party can demonstrate that relevant information does not appear in the TIFF images produced or that relevant metadata may exist. Certain types of ESI that cannot be produced as a TIFF image will be produced in native form, if responsive to a discovery request and not privileged.

33.     Any ESI produced in native format in this action will be assigned a unique file

name or identifier and a hash value (using MD-5 hash method).  The producing party shall provide a placeholder at the Bates number where the document would be located.  Each natively produced document shall retain its original file name.  ESI produced in native format shall be produced by on a CD or DVD, which shall be labeled to reflect its contents.  Because native files are incapable of being Bates-numbered, the producing party contemporaneously shall: (1) produce to the requesting party a file index that identifies, by file name and file size, each file on such DVD, and (2) assign a unique identification number to each file.

34.      If any party intends to use a native file of ESI as an exhibit in a deposition or at trial, that party shall: (a) bear the burden of proving that the copy of the native file being introduced as an exhibit corresponds to the original native file (using the MD-5 hash method and comparing the hash to the original native file); and (b) provide to the other parties and electronic copy and a printed copy of the proposed exhibit at least one business day prior to use at deposition and within three business days of being listed as a trial exhibit, unless such document will be used solely for impeachment purposes.  If it is not feasible to provide an electronic and printed copy of the proposed exhibit to the other parties, the parties shall confer in good faith in an attempt to agree to other procedures for authenticating the document prior to its use.  If the parties are unable to reach agreement, then the parties not offering the exhibit for use at deposition or trial reserve the right to object to the authenticity of the proposed exhibit.

35.      Without separate court order, the Protective Order and the parties' stipulation thereto does not change, amend, or circumvent any court rule or local rule.

The Protective Order shall not apply to any document disclosing a violation of law or order of a court of cometent jurisdiction. (R)

IT IS SO ORDERED this 23rd day of July, 2010

_____

Hon. Manuel L. Real, U.S. District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATURE'S HEALTH SUPPLY, INC., a California Corporation, | **Civil Case No.  CV 09-9064 R (FFMx)** |
| Plaintiff, | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| v. | |
| NATURE'S HEALTHY SUPPLEMENTS, INC., a California Corporation; SCOTTIE JACK, an Individual; JERRY CADY, an Individual; and Does 1-10 Inclusive, | |
| Defendants. | |

The Court recognizes that at least some of the documents and I, _____, declare and say that:

      1.  I am employed as _____ by _____.

      2.     I have read the Protective Order entered in Nature's Health Supply, Inc. Nature's Healthy Supplements, *et al.*, Case No. CV 09-9064 R FFMx, and have received a copy of the Protective Order.

      3.     I promise that I will use any and all "Confidential" or "Confidential - For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.      I promise that I will not disclose or discuss such "Confidential" or "Confidential – For Counsel Only" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Protective Order.

5.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

6.      I understand that any disclosure or use of "Confidential" or "Confidential – For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____

_____

Print Name: